# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS J. FITZSIMONS, *et al.*,<br>Defendants. | Adversary Proceeding No. 10-54010 (KJC) |

## MOTION OF THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS TO AMEND COMPLAINT
## TO INCLUDE ADDITIONAL DEFENDANTS

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors" or "Tribune"), by and through its undersigned counsel, hereby moves this Court for entry of an Order pursuant to Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, authorizing the Committee to amend the complaint in the above-captioned adversary proceeding to add defendants that the Committee has identified through initial discovery. In support of the motion (the "Motion"), the Committee respectfully states as follows:

### BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate

their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. By order dated October 27, 2010 (the "Standing Order"), the Court granted the Committee standing to commence adversary proceedings on behalf of the Debtors' estates asserting claims against various parties that arise out of or in connection with the Debtors' 2007 LBO transaction (the "LBO Transaction"). The Standing Order imposed an immediate stay on the adversary proceedings filed by the Committee. However, the Court also granted the Committee limited relief from the stay so that the Committee could immediately commence the discovery activity and service necessary to preserve valuable claims of the Debtors' estates relating to the LBO Transaction.

3. Pursuant to the Standing Order, on November 1, 2010, the Committee filed the complaint in this adversary proceeding asserting claims against directors, officers, solvency firms, shareholders, and others (the "Complaint"). On December 7, 2010, the Committee amended the Complaint (the "Amended Complaint") as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure.

4. On July 22, 2011, the Court entered an Order [D.I. 139] granting the Committee's motion for an extension of time to complete service, extending the service period through and including March 1, 2012.

5. As set forth in detail in the Amended Complaint, the LBO occurred in two steps. On April 1, 2007, Tribune executed the first step of the transaction by which Tribune agreed to purchase approximately 50% of the Company's outstanding shares for $34.00 per share in a tender offer and paying its accepting shareholders approximately $4.3 billion ("Step One").

(*See* Am. Compl. ¶ 4.) At the end of 2007, Tribune directors and officers facilitated the closing of the second step of the LBO, by which Tribune converted the remaining outstanding shares of Tribune stock to a right to receive $34.00 per share, paying approximately $4 billion to shareholders holding the remaining 50% of Tribune's outstanding shares ("Step Two"). (*Id.*) Combined, approximately 243,121,164 Tribune shares were transferred in Step One and Step Two back to the Company for approximately $8.3 billion.

6. A significant part of this action seeks recovery from shareholders who received payment from the Company as part of Step One and/or Step Two of the LBO (the "Shareholder Defendants"). The Committee attached to the Amended Complaint a list of known Shareholder Defendants consisting of over 28,000 names. In addition, since November 2010 the Committee has been engaged in an ongoing effort to discover and add thousands of additional individuals and entities as Shareholder Defendants.

7. To date, the Committee has issued discovery requests as authorized by the Standing Order, by subpoena and under Rule 7034 of the Federal Rules of Bankruptcy Procedure, to over 900 entities including (a) banks and brokers that (i) held Tribune shares for their own benefit and/or in "street name" for beneficial owners, and (ii) received distributions from Tribune at one or both steps of the LBO Transaction and passed proceeds on to the beneficial owners; (b) institutional investment managers that the Committee determined were likely to have received proceeds from the LBO Transaction, or managed accounts for clients who received such proceeds; and (c) mutual funds that the Committee determined held shares on or about the time of one or both steps of the LBO Transaction and therefore were likely recipients of proceeds from the LBO Transaction.

8. Hundreds of parties on whom the Committee served discovery requests have responded with substantive information, but the individuals and entities identified in parties' responses have not yet been added as defendants in this proceeding. Since filing the Amended Complaint on December 7, 2010 with Exhibit A attached including approximately 28,000 defendants, the Committee has identified and supplemented Exhibit A with more than 3,600 additional defendants to be named in this adversary proceeding. These additional defendants account for over one billion dollars in LBO proceeds. The Committee now seeks to add these individuals and entities as defendants. Attached hereto as Exhibit A to the Motion is the proposed Second Amended Complaint, including the revised Exhibit A thereto, highlighted to show the added defendants.

## RELIEF REQUESTED

9. By this Motion, the Committee respectfully requests that the Court authorize a second amendment to the Complaint to add additional defendants that the Committee has identified through the discovery process since the filing of the Amended Complaint.

## BASIS FOR RELIEF

10. Rule 15(a)(2) of the Federal Rules of Civil Procedure, applicable here by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that a party may amend its pleading with the court's leave, which should be given freely when justice so requires. The Third Circuit has set a "liberal standard" for granting leave to amend; relief should be denied only where the amendment is the result of "'undue delay, bad faith or dilatory motive on the part of the movant . . . , undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *CHEP USA v. Fleming Companies, Inc. (In re Fleming Companies, Inc.)*, 319 B.R. 359, 361 (Bankr. D. Del. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Dole v. Arco Chemical Co.*, 921 F. 2d 484, 486-87 (3d Cir. 1990).

The grant or denial of a request to amend is within the discretion of the court. *Foman*, 371 U.S. at 182.

**ARGUMENT**

11. The Court should grant the Committee leave to amend. Consistent with the Standing Order, the Committee has since November 2010 diligently pursued discovery to allow it to identify Shareholder Defendants and thereby ensure the preservation of valuable claims of the Debtors' estates. The proposed Second Amended Complaint will add thousands of defendants and preserve hundreds of millions of dollars of claims for the benefit of these estates.

12. Further, the Committee has not acted with undue delay, bad faith or dilatory motive, and there will be no undue prejudice to the existing or to be named defendants. *See CHEP USA*, 319 B.R. at 361. Because of the stay imposed by the Court, the only activity in this adversary proceeding has been that authorized by the Standing Order – the Committee's limited discovery to identify additional defendants, and the Committee's efforts to serve defendants in this proceeding. As a result, there will be no delay in the resolution of this litigation if the proposed amendment is authorized.

13. After undertaking extensive efforts and investigation to identify the additional defendants, the Committee is in a position to timely amend the Amended Complaint to add these parties. Further amendment of the Amended Complaint is in good faith and appropriate pursuant to Federal Rule 15(a) to ensure the preservation of valuable fraudulent transfer claims potentially worth billions of dollars for the benefit of the Debtors' creditors. The Committee's continuing discovery effort reflects the Committee's commitment to fulfill the obligations that it sought, and took on, through the Standing Order. This Motion simply seeks to modify the Amended Complaint to include the fruits of that effort.

14. There is no prejudice, much less undue prejudice, to any named or to-be-named defendants if the Court grants the Motion. The Second Amended Complaint is necessary for a complete adjudication of this dispute since it adds individuals the Committee was unable to specifically identify when it filed the Amended Complaint. The proposed Second Amended Complaint will not assert additional legal theories or alter any of the factual allegations. The amendment will be a revised "Exhibit A" list, expanded to include currently known Shareholder Defendants.[1] Moreover, because the action has been stayed from the very beginning but for limited identification discovery, nothing has happened in the litigation that could prejudice any defendant to be named.

15. Accordingly, allowing the Committee to further amend the Amended Complaint as requested herein will serve the ends of justice. None of the reasons for denying a motion to amend as identified in the *Foman* or *CHEP USA* decisions are present. Thus, the proposed relief should be granted.

---

[1] Exhibit A is being revised only to add Shareholder Defendants. The Committee intends in a subsequent motion or motions to amend to add additional defendants identified in the discovery process, and further revise Exhibit A to remove duplicates, correct scrivener's errors, and fix addresses and other entries for which the Committee has obtained more accurate information. Further, at a later time, the Committee will remove from the list of Shareholder Defendants those parties that discovery confirms were not beneficial owners of Tribune stock who received LBO Transaction proceeds.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and enter an Order allowing the Committee to amend the Amended Complaint to add as Shareholder Defendants parties that the Committee has identified through the discovery process, and granting such other and further relief as notice requires.

Dated: September 30, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*