## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.,*<br><br>               Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY,<br><br>               Plaintiff,<br><br>      v.<br><br>DENNIS J. FITZSIMONS, *et al.,*<br><br>               Defendants. | Adversary Proceeding No. 10-54010 (KJC)<br><br><br>**Hearing Date: October 19, 2011 at 2:00 p.m. (ET)**<br>**Objection Deadline: October 18, 2011 at noon (ET)** |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS BNP PARIBAS SECURITIES CORP., BROWN BROTHERS HARRIMAN & CO., DEUTSCHE BANK SECURITIES, INC., MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY, NATIONAL CITY CORP., PNC BANK, N.A., PERSHING LLC, SWISS AMERICAN SECURITIES, INC., TD AMERITRADE CLEARING, INC., <u>UBS FINANCIAL SERVICES, INC., AND UBS SECURITIES LLC</u>

Pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, as incorporated into this proceeding by Bankruptcy Rules of Procedure 7026, 7034, 7037 and 9014, the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") hereby submits this motion (the "Motion") to compel BNP Paribas Securities Corp. ("BNP Paribas"); Brown Brothers Harriman & Co. ("BBH"); Deutsche Bank Securities, Inc. ("DB Securities"); Morgan Stanley & Co. LLC and Morgan Stanley Smith Barney ("MSSB," and together with Morgan Stanley & Co, "Morgan Stanley"); National City Corp. ("National City"); PNC Bank, N.A., on its own behalf and as successor in interest to National City ("PNC"); Pershing LLC ("Pershing"); Swiss American Securities, Inc. ("SAS"); TD Ameritrade Clearing, Inc. ("TD

Ameritrade"); and UBS Financial Services, Inc., and UBS Securities LLC (together, "UBS")
(collectively, the "Defendants"), to produce information responsive to discovery requests served
by the Committee in the above-captioned adversary proceeding (the "Shareholder Adversary
Proceeding"). Defendants are banks and brokers who held stock of Tribune Company
("Tribune") on behalf of Tribune shareholders in 2007. In that capacity, Defendants were initial
transferees of proceeds ("LBO Proceeds") from Step One and Step Two (defined below) of the
leveraged buyout transaction (the "LBO") of Tribune in 2007, and collectively received at least
$835 million in LBO Proceeds.

Pursuant to the order granting the Committee standing to initiate the Shareholder
Adversary Proceeding (the "Standing Order") [D.I. 6150], since November 2010 the Committee
has sought information about the former beneficial owners of Tribune stock to whom banks,
brokers, and institutional investment managers, including Defendants, transferred some or all of
the LBO Proceeds that they received as initial transferees. The Committee seeks the identities
and addresses of the beneficial owners, the amount of LBO Proceeds that each such beneficial
owner received, and the date that the LBO Proceeds were transferred to such beneficial owners
(the "Shareholder Information"). The Shareholder Information is needed so that the Committee
can specify and serve the proper defendants, many of whom are still currently unidentified, to the
Shareholder Adversary Proceeding.

The Committee initially served Rule 45 subpoenas on Defendants – along with
hundreds of other parties – in November 2010 seeking Shareholder Information. The Committee
has subsequently served Defendants with the Amended Complaint and issued discovery requests
under Rule 34 seeking the same information. All Defendants objected to both the subpoenas
and/or the Rule 34 requests on numerous grounds, including that the Rule 34 requests seek

irrelevant information, are premature, and raise confidentiality or privacy concerns. None of Defendants' objections has merit. Indeed, hundreds of other banks, brokers, and institutional investment managers have already produced Shareholder Information accounting for billions of dollars of LBO Proceeds pursuant to identical subpoenas and document requests that the Committee issued to Defendants. Yet Defendants have indicated that they will not produce Shareholder Information absent an order of compulsion from this Court.

Defendants should be compelled to produce the Shareholder Information without further delay. The Committee urgently needs the Shareholder Information so that it can serve the recipients of the LBO Proceeds as defendants in the Shareholder Adversary Proceeding in advance of the March 1, 2012 deadline for identifying and serving defendants. This Court has long been aware of, and entered orders to facilitate, the Committee's discovery of Shareholder Information. Defendants have been fully apprised of this Court-mandated discovery process, yet nevertheless have continued to stonewall, forcing the Committee to seek an order from the Court overruling Defendants' objections and compelling Defendants to produce the Shareholder Information.[1]

In support of the Motion, the Committee respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the debtors in these bankruptcy cases (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors continue to operate their

---

[1] The Committee moves against these Defendants because they have confirmed that they will refuse to produce Shareholder Information unless the Court compels them to do so, and because each initially received large amounts of LBO Proceeds – and thus are highly likely to have information about parties who received large transfers of LBO Proceeds. There are other parties on whom the Committee has served subpoenas and Rule 34 requests that have not yet produced Shareholder Information, and the Committee reserves all rights to move to compel production if necessary with respect to those additional parties. The Committee's subpoena and Rule 34 requests for Shareholder Information are identical for all target parties.

businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3.     By motion dated February 1, 2010, as supplemented by motion dated September 14, 2010 [D.I. 3281 and 5668] (together, the "First Standing Motion"), the Committee requested that this Court authorize it to commence, prosecute and settle on behalf of the Debtors' estates claims and counterclaims arising out of or in connection with the Debtors' 2007 LBO. By separate motion dated September 13, 2010 [D.I. 5698] (the "Second Standing Motion," and with the First Standing Motion, the "Standing Motions"), the Committee requested that this Court authorize it to commence, prosecute and settle certain additional claims on behalf of the Debtors' estates. The Court issued the Standing Order on October 27, 2010 [D.I. 6150].

4.     The Standing Order provides in pertinent part:

> All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited. Notwithstanding the foregoing, during the period this Stay is in effect, the Committee may: a) consistent with governing rules, amend the complaints in the LBO Actions; b) *complete service of the complaints in the LBO Actions*; and c) *take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted in the LBO Actions.*

Standing Order at 4 (emphasis added).

5.     Consistent with the terms of the Standing Order, on November 1, 2010, the Committee initiated the Shareholder Adversary Proceeding (No. 10-54010 (KJC)), asserting causes of action against numerous parties in connection with the LBO, including former Tribune shareholders who received LBO Proceeds. On December 7, 2010, the Committee filed an amended complaint (the "Amended Complaint").

6.     As set forth in detail in the Amended Complaint, the LBO occurred in two steps. On June 4, 2007, Tribune executed the first step of the transaction, by which Tribune purchased approximately 50% of the Company's outstanding shares for $34.00 per share in a tender offer and paid its accepting shareholders approximately $4.3 billion ("Step One"). (*See* Am. Compl. ¶ 4.) At the end of 2007, Tribune directors and officers facilitated the closing of the second step of the LBO, by which Tribune converted the remaining outstanding shares of Tribune stock to a right to receive $34.00 per share, paying approximately $4 billion to shareholders holding the remaining 50% of Tribune's outstanding shares ("Step Two"). (*Id.*) Between the two Steps, approximately 243,121,164 Tribune shares worth approximately $8.3 billion were transferred back to the Company or converted to cash.

7.     A significant part of the Shareholder Adversary Proceeding seeks recovery against shareholders who received payment from the Company as part of Step One or Step Two of the LBO (the "Shareholder Defendants"). The Committee attached to the Amended Complaint a list of over 28,000 known Shareholder Defendants; however, the complete list of Shareholder Defendants still to be identified and served includes thousands of additional names.[2]

8.     Consistent with the Standing Order and as part of its efforts to ascertain information regarding those parties involved in the LBO, beginning in November 2010 the

---

[2] On September 30, 2011, the Committee filed a motion to amend the Amended Complaint [D.I. 288] to add approximately 3,600 Shareholder Defendants who have been identified through the Committee's targeted discovery efforts.

Committee issued in excess of 1,600 individual subpoenas (the "Subpoenas") to more than 900 separate entities based on information that these entities were brokers, banks, investment managers, or mutual funds (the "Subpoenaed Parties") that likely held or managed Tribune shares on behalf of beneficial owners of Tribune stock and, thus, may have received proceeds from Tribune as part of the LBO. The Subpoenas sought the Shareholder Information. To date, several hundred parties have responded to the Subpoenas by producing Shareholder Information that collectively accounts for over $4 billion in LBO Proceeds.

9.  According to information obtained by the Committee from Debtors and other sources, Defendants named in this Motion collectively received over $835 million in LBO Proceeds.

10.  On November 2, 2010, the Committee issued subpoenas to Defendants out of the United States District Court for the District of Delaware, the Southern District of New York, the Western District of Pennsylvania, and/or the District of Nebraska (collectively attached as Ex. A). Certain Defendants objected to the subpoena. *See* BNP Paribas Subpoena Obj. (Nov. 18, 2010) (Ex. B); BBH Subpoena Obj. (Nov. 16, 2010) (Ex. C); DB Securities Subpoena Obj. (Nov. 23, 2010) (Ex. D); MS Subpoena Obj. (Nov. 30, 2010) (Ex. E); PNC Subpoena Obj. (Nov. 16, 2010) (Ex. F); TD Ameritrade Subpoena Obj. (Nov. 17, 2010) (Ex. G); UBS Fin. Svcs. Subpoena Obj. (Nov. 19, 2010) (Ex. H).[3]

11.  The Committee reissued a substantively identical subpoena to Morgan Stanley out of the Southern District of New York on June 8, 2011. Morgan Stanley served responses and objections to the second subpoena on June 22, 2011 (the "MS Obj.") (Ex. I).

---

[3] In response to its November 2010 subpoena from the Committee, MSSB filed objections identical to Morgan Stanley & Co.'s objections.

12.     On June 30, 2011, the Committee served Rule 34 requests (the "Rule 34 Requests") on over 200 defendants that the Committee believes have Shareholder Information in their possession, custody, or control, including these Defendants. *See, e.g.*, Committee's Req. for Docs. (June 30, 2011) (Ex. J). By the Rule 34 Requests, the Committee seeks the same Shareholder Information that it requested through the Subpoenas.

13.     On July 29, 2011 and August 4, 2011, respectively, BBH and Pershing served objections to these Rule 34 Requests.

14.     On August 8, 2011, the Court entered a protective order (the "Protective Order") [D.I. 152] to govern the treatment and handling of Shareholder Information and other information in the Shareholder Adversary Proceeding that may be designated as confidential by a producing party. While the Committee took no position on whether any Shareholder Information should be protected from public disclosure, it sought the Protective Order because it needs the Shareholder Information to preserve valuable claims of the Debtors' estates against the Shareholder Defendants. No party, including Defendants, objected to the Committee's motion seeking the Protective Order or to the form of the Protective Order.

15.     In the Protective Order, the Court recognized that the Committee sought the order primarily to assist the Committee in obtaining the Shareholder Information through the Subpoenas and Rule 34 Requests. Protective Order at 1-2. The Court stated in issuing the Protective Order:

> [H]aving been fully advised in the premises of the Motion, and finding good cause has been shown for the relief sought, the Court hereby enters the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable by Rule 9014 and Rule 7026 of the Federal Rules of Bankruptcy Procedure, to govern the prospective production and disclosure of information and documents in the Shareholder Adversary Proceeding relating to Tribune Company shareholder information.

*Id.* at 2.

16.     On August 11, 2011, to resolve any objections that the Rule 34 requests were prematurely issued to parties that had not been served with the Amended Complaint, the Committee served the Defendants (along with many other parties) and reissued the Rule 34 Requests. *See, e.g.,* Notice of Service (Aug. 11, 2011) [D.I. 158] (Ex. K).

17.     On September 12, 2011, all Defendants except Morgan Stanley and Pershing served their respective objections to the Rule 34 Requests that the Committee issued on August 11, 2011. *See* BNP Paribas Obj. (Ex. L); BBH Obj. (the "BBH Obj.," Ex. M);[4] DB Securities Obj. (Ex. N); PNC Obj. (Ex. O); TD Ameritrade Obj. (Ex. P); UBS Fin. Svcs. Obj. (Ex. Q); UBS Securities LLC (Ex. R); SAS Obj. (Ex. S).[5] On September 15, 2011, Pershing served its objections to the August 11 Rule 34 Requests (the "Pershing Obj.") (Ex. T).

18.     The Committee on multiple occasions conferred with respective counsel for Defendants to discuss and attempt to resolve Defendants' objections and thereby avoid motion practice. During that meet-and-confer process, each Defendant confirmed that it intends to stand on its objections and not produce responsive information absent an order from the Court compelling it to do so. On September 6, 2011, counsel for Morgan Stanley confirmed that Morgan Stanley's position remains unchanged notwithstanding entry of the Protective Order. *See* 9/6/11 Saavedra e-mail to Goldfarb (Ex. U). Similarly, on September 16, 2011, counsel for all other Defendants except for Pershing confirmed that those Defendants were standing on their objections. *See* 9/16/2011 e-mails between Goldfarb and Sulkowski (Ex. V). On September 22,

---

[4] The BBH Objections are identical to BBH's July 29 objections to the earlier-served Rule 34 Requests, except for the removal of two objections that BBH agrees are no longer applicable. Also, the objections of all Defendants except Morgan Stanley and Pershing are substantively identical. Accordingly, references in this Motion to the BBH Objections apply equally to all Defendants other than Morgan Stanley and Pershing.

[5] In response to its November 2010 subpoena from the Committee, MSSB filed objections identical to Morgan Stanley & Co.'s objections.

2011, counsel for Pershing confirmed that Pershing maintained the same position as the other Defendants. *See* 9/23/2011 e-mail between Green and Mordkoff (Ex. W).

19.     By orders dated January 11, 2011 and July 22, 2011 [D.I. 78 &139 (7457 & 9536 in main proceeding)], the Court has extended the deadline for service of the complaint on defendants in the Shareholder Adversary Proceeding pursuant to Fed. R. Civ. P. 4(m). The current service deadline is March 1, 2012.

## RELIEF REQUESTED

20.     By this Motion, the Committee requests the entry of an order overruling Defendants' objections and compelling Defendants to produce the Shareholder Information to the Committee, and such other relief as the Court finds appropriate.

## BASIS FOR RELIEF

21.     The Standing Order plainly authorizes the Committee to seek the Shareholder Information during the pendency of the stay of litigation of the Shareholder Adversary Proceeding so that it can identify and serve Shareholder Defendants. By twice extending the deadline for service of the Amended Complaint in this action, this Court has implicitly reconfirmed that that Committee is authorized to discover the Shareholder Information. Additionally, the Court expressly recognized that a central purpose of the Protective Order was to aid the Committee's discovery of the Shareholder Information. Hundreds of Subpoenaed Parties have already produced Shareholder Information to the Committee accounting for billions of dollars in LBO Proceeds in response to the Subpoenas and Rule 34 Requests. Yet since November 2010, these Defendants have refused to produce Shareholder Information.

22.     Defendants' objections should be overruled. None is a valid basis to resist production of the Shareholder Information. This is particularly so in light of the Court's entry of

{698.001-W0017070.}

a protective order that allows Defendants to designate as confidential certain portions of the Shareholder Information as may be warranted.

23.     Rule 37 provides that, after a party seeking discovery has made a good faith effort to confer with the party resisting discovery to obtain the sought discovery without court action, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). Once the Committee has shown the relevance of the Shareholder Information, Defendants have the burden of showing why they should not be compelled to produce it. *See, e.g., Reish v. Pa. State Univ.*, No. 4:09-CV-1273, 2011 WL 2015350, at *3 (M.D. Pa. May 24, 2011); *Velocity Int'l, Inc. v. Celerity Healthcare Solns., Inc.*, Civ. No. 90-102, 2010 WL 2196423, at *3 (W.D. Pa. June 1, 2010).

## I.     The Rule 34 Requests Seek Relevant Information and Are Not Premature.

24.     The relevance of the Shareholder Information is obvious, as is the timeliness of the Committee's effort to obtain it. A basic first step for the Committee in prosecuting its claims against the Shareholder Defendants is identifying the Shareholder Defendants and determining which of them are appropriate parties to pursue. Accordingly, for Steps One and Two of the LBO, the Rule 34 Requests seek limited information fundamental to prosecution of the Shareholder Adversary Proceeding: (1) the name and address of former beneficial owners of Tribune stock who received LBO Proceeds and (2) the amount of LBO Proceeds each such beneficial owner received. The first category of information is the minimal contact information sufficient to identify currently unknown Shareholder Defendants. This information will allow the Committee to preserve valuable claims of the Debtors' estates by serving Shareholder Defendants by March 1, 2012. The second category of information, the LBO Proceeds information, is necessary to allow the Committee to determine which Shareholder

Defendants to serve and pursue. It would be a waste of the estates' resources for the Committee

to pursue every former Tribune shareholder who received any amount of LBO Proceeds; with the

LBO Proceeds information, the Committee can determine which Shareholder Defendants

received proceeds above a threshold amount.[6] Moreover, the Shareholder Information possessed

by these Defendants accounts for a significant amount of money – collectively, Defendants

received initial transfers of over $835 million in LBO Proceeds.

**II.    Defendants' Objections to Discovery of the Shareholder Information Are Without Merit and Should Be Overruled.**

25.    Defendants interpose numerous objections to the Rule 34 Requests. None

has merit.

A.    Objections Based on Relevance and Timeliness

26.    Defendants object to the Rule 34 Requests as irrelevant and/or premature,

contending that the shareholders' receipt of LBO Proceeds are protected as "settlement

payments" pursuant to 11 U.S.C. § 546(e), relying on *In re Resorts Int'l, Inc.*, 181 F.3d 505 (3d

Cir. 1999), and similar cases. *See* MS Obj. #2 (Ex. I); BBH Obj. #2 (Ex. M); Pershing Obj. #2

(Ex. T). These objections are misplaced. The Amended Complaint alleges that transfers made to

shareholders in connection with the LBO were intentionally fraudulent. Am. Compl. ¶¶ 317-21

(Count Thirteen). Accordingly, the "settlement payment" defense in 11 U.S.C. § 546(e) is not a

bar to discovery of the Shareholder Information. *See* 11 U.S.C. § 546(e) (stating that payments

qualifying as "settlement payments" may not be avoided under the constructive fraud provisions

(§ 548(a)(1)(B)) of the Bankruptcy Code); *In re Manhattan Inv. Fund Ltd.*, 397 B.R. 1, 13 n.18

(S.D.N.Y. 2007) ("§ 546(e) does not preclude avoidance if there is actual fraud under §

---

[6] Of course, at a later stage of the litigation, the LBO Proceeds information will be fundamentally relevant to the relief that the Committee seeks against the Shareholder Defendants: avoidance and recovery of the allegedly fraudulent transfer of LBO Proceeds.

548(a)(1)(A)"); *In re Hechinger Inv. Co.*, 274 B.R. 71, 98 (D. Del. 2002) (stating that "section 548(a)(1) claims for intentional fraudulent transfers in which the transfer at issue occurred less than one year prior to bankruptcy, are exempted from the section 546(e) defense").

27.     In short, Defendants' objection that the Rule 34 Requests are premature and seek irrelevant information is nothing more than a baseless legal argument about the sufficiency of the Committee's claims against Shareholder Defendants, and it should be overruled.   In any event, such technical legal arguments – to be addressed, if ever, at a subsequent stage of litigation – are no bar to the relevance and discoverability of the Shareholder Information and no barrier to the appropriate timeliness of the Committee's discovery requests.

B.     Objections Based on Privacy of Shareholder Information and Confidentiality

28.     Defendants also object to producing the Shareholder Information to the extent that production would purportedly violate the federal and state law privacy rights of persons who are not parties to this action, or interfere with Defendants' contractual obligations to their clients.  MS Obj. #1 (Ex. I); BBH Obj. #4, Objs. to RFP Nos. 1 and 2 (Ex. M); Pershing Obj. #1, 10 (Ex. T).  Such objections similarly present no obstacles to immediate production of the Shareholder Information.  The Committee seeks information that will enable it to identify with specificity, and serve, Shareholder Defendants who have already been named as defendants in the Amended Complaint through class allegations as well as individually as "Doe" defendants should the Court deny class treatment. *See* Am. Compl. ¶¶ 77-85 and n.2.[7]  In a suit seeking avoidance of transfers of LBO Proceeds, information identifying the recipients and the amounts

---

[7] BBH and Pershing object on the grounds that the Committee has already preserved all claims against unnamed defendants by including allegations for a defendant class and naming "Doe" defendants.  BBH Obj. #5 (Ex. M); Pershing Obj. #9 (Ex. T).  The Committee agrees that the Amended Complaint should adequately preserve all claims; however, the Court has authorized the Committee to pursue discovery that will enable it to identify and serve unknown defendants.  As such, the objection of BBH and Pershing that the discovery is "not contemplated by the court's partial lift-stay orders" is simply incorrect.

of LBO Proceeds they received is plainly (and currently) discoverable. The Court has previously suggested that the Shareholder Information is basic, discoverable material that ordinarily does not warrant protection from public disclosure. *See, e.g.,* 5/17/2011 Hr'g Tr. at 18, 32, 33. In any event, the protective order the Court has now entered is sufficient to address any privacy or confidentiality concern, or concern about Defendants' contractual obligations to their Shareholder Defendant customers. *See, e.g., Smith v. Life Investors Ins. Co. of Am.*, No. 2:07-cv-681, 2009 WL 3364933 (W.D. Pa. Oct. 16, 2009) (granting motion to compel over objection that discovery request implicated privacy concerns of defendants' customers where information sought was relevant and protective order was in place); *In re Application of FB Foods, Inc.*, No. M8-85 (JFK), 2005 WL 2875366, at *1 (S.D.N.Y. Nov. 2, 2005) (confidentiality agreement approved by Court adequate to address privacy concerns); *Faulkner Press LLC v. Class Notes LLC*, No. 08CV49, 2009 WL 4730624 (N.D. Fla. Dec. 9, 2009) (protective order adequate to address producing party's contractual obligation to maintain confidentiality of sought information); *Mike v. Dymon, Inc.*, No. 95-2405, 1996 WL 606362 (D. Kan. Oct. 17, 1996) (contractual obligation to third party to maintain information as confidential is not basis to resist valid discovery request).

29. Morgan Stanley raises an analogous objection to production as "overly broad and unduly burdensome to the extent it seeks disclosure of confidential or proprietary information of foreign beneficial holders in violation of foreign privacy laws." MS Obj. #4 (Ex. I). Defendants must substantiate such an objection with evidence to show the nature and extent of the burden. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Morgan Stanley has not yet done so, nor has it demonstrated why the Protective Order is insufficient. That so many banks and brokers – some with information about Shareholder Defendants who received several

hundred million dollars of LBO Proceeds – have provided the Committee with complete responses to the Subpoenas or Rule 34 Requests and have negotiated with the Committee in good faith for acceptable confidentiality terms to govern such production, demonstrates that this objection is groundless.

30.     Finally, Morgan Stanley's desire for a global jurisdictional determination before it produces any Shareholder Information, *see* MS Obj. #4, puts the cart before the horse. In order to sue foreign Shareholder Defendants, the Committee must first know who they are. Those Shareholder Defendants, once named and served, will have full opportunity to argue that the Court lacks personal jurisdiction over them. *See, e.g., In re AstroPower Liquidating Trust*, 335 B.R. 309 (Bankr. D. Del. 2005) (denying foreign defendants' motions to dismiss for lack of personal jurisdiction in action involving fraudulent transfer claims). At this point, the Court should compel Morgan Stanley to produce all of its Shareholder Information.

C.     Conditional, Blanket, and Inapplicable Objections

31.     Defendants also proffer many generic objections – *i.e.*, objections "to the extent that" the Rule 34 Requests implicate the subject of the objection – that are so general as to preclude the Committee from responding without further explanation from Defendants. For example, Morgan Stanley (MS Obj. #3; Ex. I) objects "to the extent that [the request] is intended to harass, is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's avoidance action." *See* BBH Obj. #7 (Ex. M); Pershing Obj. #3 (same) (Ex. T); *see also* MS Obj. #8 (objection to the extent that the Rule 34 Requests impose obligations beyond those allowed by the Federal Rules of Civil Procedure); BBH Obj. #1 (same); Pershing Obj. #7 (same). Courts

disapprove of such generalized, unsupported objections. *See, e.g., Velocity*, 2010 WL 2196423, at *2-3 (overruling blanket, unsupported objections to requests for production).

32.     Defendants' other conditional objections are not applicable here because (a) the Rule 34 Requests do not actually implicate the basis of the objection, such as disclosure of privileged or work product information or the generation of new documents, *see, e.g.*, MS Obj. #5, 7; BBH Obj. #6, 8, 9, 10; Pershing Obj. #5, 6, 12, 13; or (b) such objections have been mooted by entry of the Protective Order, *see, e.g.*, MS Obj. #9; BBH Obj. #4, 5; Pershing Obj. #1, 8, 10.[8]

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and enter an order substantially in the form attached hereto as Exhibit X compelling Defendants to comply with the Rule 34 Requests and granting such additional and further relief as the Court deems just and proper, including awarding attorneys' fees and expenses.

---

[8] BBH objects to producing documents "not within BBH's actual possession or custody." BBH Obj. #9. Rule 34, of course, expressly permits the Committee to discover material that is within BBH's "possession, custody, *or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added). The Court should reject BBH's effort to limit its discovery obligations to a scope more narrow than that set out in the Federal Rules.

## CERTIFICATION

Counsel to the Committee hereby certifies that it has in good faith conferred or attempted to confer with the Defendants in an effort to obtain responses to the Rule 34 Requests without Court action.

Respectfully submitted,

Dated: October 11, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*