# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, *et al.,*<br><br>                     Plaintiff,<br><br>            -against-<br><br>DENNIS J. FITZSIMONS, *et al.*,<br><br>                     Defendants. | Adv. No. 10-54010 (KJC) |

**RESPONSE BRIEF OF DEFENDANTS BNP PARIBAS SECURITIES CORP.; BROWN BROTHERS HARRIMAN & CO.; DEUTSCHE BANK SECURITIES INC.; PNC BANK, NATIONAL ASSOCIATION;[1] SWISS AMERICAN SECURITIES, INC.; TD AMERITRADE CLEARING, INC.; UBS FINANCIAL SERVICES, INC.; AND UBS SECURITIES LLC, IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

---

[1] PNC Bank, National Association, submits this brief on its own behalf and as successor in interest to National City Corporation.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. i

I. The Requested Discovery Is Unauthorized by the Standing Order and, If Permitted, Would Eviscerate the Pleading Standard for Class Complaints. ............................... 1

II. The Committee, Not Defendants, Bears the Burden of Showing That the Requested Discovery Is Warranted, A Showing That It Has Not Made and Cannot Make ........ 7

III. The Committee's References to Other Parties' Voluntary Production Are Entirely Irrelevant. ................................................................................................................ 12

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aquino v. Naji*,
   No. 09-234J, 2011 WL 4498972 (W.D. Pa. Sept. 27, 2011) ....................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................................. 4, 5, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 5, 6, 7

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ............................................................................................... 8

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*,
   No. Civ.A. 03-484-KAJ, 2004 WL 406351 (D. Del. Mar. 3, 2004) ................................... 11, 12

*Edgenet, Inc. v. Home Depot U.S.A., Inc.*,
   259 F.R.D. 385 (E.D. Wis. 2009) ..................................................................................... 10, 11

*Ferrer v. Superintendent Orange Cnty. Jail*,
   No. 08 Civ. 6527, 2010 WL 306977 (S.D.N.Y. Jan. 26, 2010) ................................................ 6

*Fuji Photo Film Co. v. Benun* (*In re Benun*),
   339 B.R. 115 (Bankr. D.N.J. 2006) ....................................................................................... 12

*In re Teleglobe Commc'ns Corp.*,
   493 F.3d 345 (3d Cir. 2007) .................................................................................................. 12

*Kirkpatrick v. Plitman*,
 No. CV 11-5326 JVS, 2011 WL 3738443 (C.D. Cal. Aug. 24, 2011) ......................................6

*Kone Corp. v. Thyssenkrupp USA, Inc.*,
 No. 11-465-LPS-CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) .................................10, 11

*MathStar, Inc. v. Tiberius Capital II, LLC*,
 No. 09-2869, 2010 WL 3463426 (D. Minn. Aug. 30, 2010) .......................................................2

*McCauley v. City of Chicago*,
 — F.3d —, 2011 WL 4975644 (7th Cir. Oct. 20, 2011) ...........................................................5

*Naranjo v. Dep't of Corr.*,
 No. 2:11-CV-1304, 2011 WL 3439183 (M.D. Pa. July 14, 2011) .............................................6

*Nelson v. Wright*,
 No. 9:10-CV-997, 2011 WL 4737054 (N.D.N.Y. Oct. 6, 2011) ................................................5

*Notaro v. Koch*,
 95 F.R.D. 403 (S.D.N.Y. 1982) ................................................................................................11

*O'Donnell v. TD Ameritrade, Inc.*,
 250 F.R.D. 502 (S.D. Cal. 2008) ................................................................................................3

*Smith v. Lyons, Doughty & Veldhuius, P.C.*,
 No. 07-5139, 2008 WL 2885887 (D.N.J. July 23, 2008) ...........................................................2

*Teachers' Ret. Sys. of La. v. Hunter*,
 477 F.3d 162 (4th Cir. 2007) ......................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7008(a) ................................................................................................................4

Fed. R. Bankr. P. 7026 ....................................................................................................................3

Fed. R. Bankr. P. 9011(b) ................................................................................................................5

Fed. R. Civ. P. 8(a) ......................................................................................................................4, 5

Fed. R. Civ. P. 12(b)(6)................................................................................................................2, 5

Fed. R. Civ. P. 26.......................................................................................................................3, 10

The Official Committee of Unsecured Creditors of Tribune Company (the "Committee") asks the Court to grant an exceedingly rare and specialized form of relief: expedited discovery in a stayed case. But rather than offer a particularized and compelling showing of need, as might be expected of a party seeking such a departure from the customary process, the Committee has opted to provide no showing at all. Instead, it argues that (1) its demands are perfectly ordinary and require no justification; (2) it is Defendants who must prove that the demands are improper; and (3) Defendants should comply with its demands because everyone else is doing so. The Committee is wrong on all counts.

I. **The Requested Discovery Is Unauthorized by the Standing Order and, If Permitted, Would Eviscerate the Pleading Standard for Class Complaints.**

Contrary to the Committee's suggestion, its discovery requests are anything but ordinary. The Court has expressly ruled that the stay in this case bars all discovery *except* as is "necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted." (Oct. 27, 2010, Order, Docket No. 6150 (the "<u>Standing Order</u>"), at 4.) But far from arguing that its claims will be time-barred without the requested discovery, the Committee in fact asserts that it has "adequately preserve[d] all claims" against all possible defendants, including any who may be as yet unidentified, by pleading defendant-class allegations and naming 25 "Doe" defendants. (Mot. to Compel (Docket No. 294) at 12 n.7.)

Yet the Committee nonetheless insists that it be allowed to conduct immediate and expansive discovery of private and confidential information—including not only the identities and addresses of Defendants' clients but also how much money

1

they received and when—just in case the Committee turns out to have inadequately pleaded its class allegations, in which event it may want to assert alternative claims at some future time. (*See* Mot. to Compel at 12 ¶ 28 ("The Committee seeks information that will enable it to identify with specificity, and serve, Shareholder Defendants who have already been named as defendants in the Amended Complaint through class allegations as well as individually as 'Doe' defendants *should the Court deny class treatment*." (emphasis added)); 2d Mot. for Extension of Time to Complete Service (Docket No. 133) at 3 ¶ 5 ("While the Committee believes that the grounds for class treatment of defendants in this proceeding are strong, the current discovery and service activity is essential to ensure that claims worth billions of dollars are not lost, *should this Court later determine that a defendant class is inappropriate*." (emphasis added)).)

The Committee's claim of entitlement to this discovery based on a hypothetical future need does not bear scrutiny. Most obviously, it is beyond dispute that class allegations are not a sufficient basis on which "to embark on a fishing expedition with the hope of catching a valid claim." *Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 185 (4th Cir. 2007) (affirming dismissal of class-action complaint pursuant to Rule 12(b)(6) for failure to adequately allege all required elements of claims); *accord MathStar, Inc. v. Tiberius Capital II, LLC*, No. 09-2869, 2010 WL 3463426, at *1 (D. Minn. Aug. 30, 2010) (denying discovery on claims insufficiently pleaded to survive a motion to dismiss) ("First, a party must adequately plead a claim before obtaining discovery, not the other way around." (internal quotation marks omitted)); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008) (dismissing class-action claims without prejudice pursuant to Rule 12(b)(6)

over plaintiff's objection that it should first be permitted discovery) ("The purpose of discovery is to uncover evidence of the facts pleaded in the Complaint, not to find a cause of action. . . . Discovery should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded." (internal quotation marks and citations omitted)).

Yet the Committee's proposed standard would, if adopted, permit precisely such a fishing expedition in *every* putative class action, since every plaintiff asserting class allegations can argue, as the Committee does here, that until a certification decision is made it is always possible that certification will be denied and thus (absent permission to the plaintiff to forage through the defendants' documents in the meantime seeking additional claims and parties) that the complaint will consequently be dismissed. To allow plaintiffs to file such putative class complaints as placeholders in order to satisfy limitations statutes and trigger defendants' discovery obligations, without requiring these complaints to comply with either the letter or the spirit of the pleading rules, would be an unprecedented and unsupportable reversal of the prescribed order of proceedings even in unstayed cases.[2]

Further, by the Committee's own admission, it lacks even this patently inadequate preservation-of-hypothetical-future-claims rationale with regard to its

---

[2] Notably, even absent a stay such as the one in effect here, discovery regarding the identities of putative class members generally is not available in advance of the Rule 26(f) conference. *See* Fed. R. Bankr. P. 7026 (applying Federal Rule of Civil Procedure 26 to discovery in bankruptcy adversary proceedings); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."); *O'Donnell v. TD Ameritrade, Inc.*, 250 F.R.D. 502, 505 (S.D. Cal. 2008) (denying, as at best premature, putative class representative's motion for pre-Rule 26(f) discovery concerning identities of potential class members). *See also infra* note 4 and accompanying text.

demands for information concerning dates and amounts of transfers, which the Committee concededly seeks only so that it can select which potential defendants it deems worthwhile to sue. (*See* Mot. to Compel at 10-11 ¶ 24 ("The second category of information, the LBO Proceeds information, is necessary to allow the Committee to determine which Shareholder Defendants to serve and pursue. . . . [because] with the LBO Proceeds information, the Committee can determine which Shareholder Defendants received proceeds above a threshold amount." (footnote omitted)).) The Committee fails to explain, because it cannot, how the Court's Order expressly prohibiting *all* discovery, except that which is necessary to prevent claims from becoming time-barred, authorizes the Committee to pursue discovery in service of this cost-benefit claim-selection enterprise.

Nor can the Committee obtain the requested discovery merely by naming "Doe" defendants, without pleading any factual basis for its claims against them.[3] Absent such factual allegations, allowing the Committee to take discovery in pursuit of the "Doe" claims at this stage would be tantamount to overruling several recent Supreme Court opinions establishing that Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead a plausible factual basis for each claim against each defendant.[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to survive dismissal a

---

[3] The Committee's allegations against the "Doe" defendants read, in their entirety, as follows: "Does 1-25 (the 'Additional Parties') are persons and legal entities—including but not limited to consultants, advisors and/or other shareholders, directors and officers of Tribune and its subsidiaries and affiliates—who aided and abetted, benefited from, or otherwise participated directly or indirectly in the wrongful acts alleged in this Complaint." (1st Am. Compl. at 25 ¶ 72.)

[4] Rule 8(a) applies to adversary proceedings by virtue of Federal Rule of Bankruptcy Procedure 7008(a).

complaint must include assertions of fact that, if true, state a plausible claim for relief) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Under *Iqbal* and *Twombly*, a plaintiff may not proceed to discovery by baldly alleging, as the Committee does here, that some unknown individual must have been involved somehow in some one or more of the events at issue, for the simple reason that the rules do not provide for discovery first and pleading afterward. Rather, both Rule 8(a) and Federal Rule of Bankruptcy Procedure 9011(b) require that each claim be pleaded in good faith after a reasonable inquiry, and on the basis of facts rendering the claim plausible, *before* discovery commences. *See Twombly*, 550 U.S. at 556 (Rule 8(a) "calls for enough [allegations of] fact to raise a reasonable expectation that discovery will reveal evidence" to support each claim against each defendant); *McCauley v. City of Chicago*, — F.3d —, 2011 WL 4975644, at *7 (7th Cir. Oct. 20, 2011) (affirming district court's denial of early, "Rule 12(b)(6) discovery," where plaintiff offered no factual basis for claim against defendant from whom discovery was sought, and thus the complaint provided "no reason at all to think [that that defendant] had any personal role" in the alleged wrongdoing); *Nelson v. Wright*, No. 9:10-CV-997, 2011 WL 4737054, at *4 n.2 (N.D.N.Y. Oct. 6, 2011) (dismissing claims against unnamed defendant pursuant to Rule 12(b)(6), noting that "had a colorable claim . . . been stated against the Doe Defendant, it would have been appropriate to deny [the] Motion to Dismiss and have the Plaintiff proceed with minimal discovery in order to uncover the identity of the Doe Defendant,"

5

but that in fact "Plaintiff ha[d] not stated enough facts to allege an action against either Defendant," and thus dismissal without discovery was appropriate)¸ *adopted*, No. CIV.A. 9:10-CV-997, 2011 WL 4729814 (N.D.N.Y. Oct. 6, 2011); *Aquino v. Naji*, No. 09-234J, 2011 WL 4498972, at *1 (W.D. Pa. Sept. 27, 2011) (dismissing with prejudice claims against unnamed defendants) ("Given the lack of allegations against the John and Jane Doe Defendants, it is apparent that Plaintiff has not stated a facially-plausible claim against them." (citing *Twombly*)); *Kirkpatrick v. Plitman*, No. CV 11-5326 JVS, 2011 WL 3738443, at *4 (C.D. Cal. Aug. 24, 2011) (dismissing complaint without prejudice for failure to state a claim) ("Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's vague claims fail to clearly identify the nature of each individual claim, the incident giving rise to each of those claims, and the specific Defendants, including Doe Defendants, Plaintiff believes are liable for those claims."); *Naranjo v. Dep't of Corr.*, No. 2:11-CV-1304, 2011 WL 3439183, at *4 (M.D. Pa. July 14, 2011) (dismissing complaint without prejudice for failure to state a claim) ("[A]s to a series of defendants—[including] six Jane and John Doe defendants—the complaint violates the pleadings rules prescribed by the United States Supreme Court in [*Iqbal*], in that it only contains threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." (internal quotation marks, brackets, and citation omitted)), *adopted*, No. 1:11-CV-1304, 2011 WL 3438693 (M.D. Pa. Aug. 5, 2011); *Ferrer v. Superintendent Orange Cnty. Jail*, No. 08 Civ. 6527, 2010 WL 306977, at *4 (S.D.N.Y. Jan. 26, 2010) (dismissing with prejudice claims against unidentified defendants, for failure to state a claim) ("Even liberally construed, the Complaint cannot be read to

include any allegation of personal involvement in the alleged misconduct on the part of any John Doe defendant.").

Here, the Committee has pleaded no facts that, if true, give rise to a more-than-speculative inference that any individual not yet identified in the Complaint received proceeds of the Tribune LBO and therefore is a proper defendant in this action. Accordingly, the Committee's allegations concerning the "Doe" defendants fail to state a claim upon which relief may be granted, pursuant to *Twombly* and *Iqbal*, and thus the Committee is not entitled to discovery as to these putative defendants. If the Committee believes, in good faith and after a reasonable inquiry, that it is in possession of facts that render its claims against the "Doe" defendants plausible—though it has pleaded no such facts—then it may seek leave to amend its Complaint to add them.[5] What it may not do is seek discovery to remedy its noncompliance with the pleading rules.

In sum, the discovery that the Committee seeks to compel is precluded by the discovery stay, and would be impermissible in any event as an attempted end-run around the pleading requirements. The motion to compel such production should be denied.

II. **The Committee, Not Defendants, Bears the Burden of Showing That the Requested Discovery Is Warranted, A Showing That It Has Not Made and Cannot Make.**

As explained above, the Committee's asserted reasons for seeking the discovery at issue here suggest grave deficiencies in its pleadings. Understandably anxious to avoid any discussion of the sufficiency of its Complaint, the Committee instead seeks to shift to Defendants the burden of demonstrating that the requested

---

[5] Defendants of course reserve the right to oppose any such motion.

7

discovery is not appropriate (*see* Mot. to Compel at 10 ¶ 23), while at the same time it urges the Court to disregard as "technical legal arguments—to be addressed, if ever, at a subsequent stage of litigation"—Defendants' objections that discovery into insufficiently pleaded claims is irrelevant and thus not reasonably calculated to lead to the discovery of admissible evidence. (*Id.* at 12 ¶ 27.) In other words, the Committee would have the Court rule that Defendants must—yet may not—make a showing that the requested discovery is irrelevant to any colorable claim.

As explained above, however, sufficient pleading is the *sine qua non* of discovery, not a mere technical argument to be deferred until a later phase (much less disregarded altogether, as the Committee implies). Resolving challenges to the sufficiency of claims *before* commencing discovery benefits all litigants, the courts, and the public:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted).

Because the stay currently in effect precludes dispositive motions at this time, Defendants have not yet sought a ruling on any challenge to the sufficiency of the

Committee's claims (though they reserve the right to do so once the stay is lifted). Defendants do, however, assert the insufficiency of those claims as a basis for their objection that the requested discovery is irrelevant to any colorable claim and thus impermissible. The Committee's response—that its requests are timely, but Defendants' objections are premature (*see* Mot. to Compel at 12 n.7)—illustrates the gross inequity of the Committee's attempt to circumvent the stay: In short, the Committee wishes to forestall any evaluation of its pleading, which by rights ought to be the very first step in the orderly conduct of this (or any) lawsuit, and proceed directly to an investigation of Defendants' confidential records, without affording Defendants *any* opportunity to be heard on the appropriateness of such discovery.

Astonishingly, the Committee goes so far as to imply (*see* Mot. to Compel at 7 ¶ 14) that because no party opposed the entry of the protective order in this case, Defendants have somehow waived their objections to the requested discovery; this despite the fact that, as the Committee well knows, Defendants affirmatively and expressly reserved their rights to assert such objections, in response to the motion for protective order. (*See* Reservation of Rights (Docket No. 141) (filed by Amalgamated Bank, the only one of Defendants that was properly served with the motion for protective order).) Indeed, for the very reason cited by the Committee—that is, because the motion was unopposed—and particularly considering that Defendants took care to reserve their rights, the Committee's suggestion that the Court somehow endorsed its discovery requests by granting the unopposed protective order is specious. (*See* Mot. to Compel at 7-8 ¶ 15.) In actuality, nowhere in the language quoted by the Committee does the Court

express any opinion regarding the propriety of the discovery requests at issue here, which is unsurprising given that that question has not previously arisen.

Having established that the Committee Defendants' objections are not premature and have not been waived, the question remains how the Court should go about evaluating the Committee's motion. Fortunately, although it is not apparent from that motion, courts have in fact articulated two approaches to resolving requests for early discovery. Unfortunately for the Committee, it could satisfy neither of these, even if it had made an attempt to do so.

A party seeking an exception to Federal Rule of Civil Procedure 26(d)(1) to allow it to engage in early discovery must establish that such discovery is necessitated by special circumstances.[6] In such cases, some courts require a showing akin to that for obtaining a preliminary injunction, while others apply a "good cause" or "reasonableness" standard. *See Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 WL 4478477, at *3-*4 (D. Del. Sept. 26, 2011) (collecting cases and applying good-cause standard to find that limited expedited discovery was permissible in case where, but for exceptional circumstances, discovery would already have begun); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009) (describing the two approaches and applying preliminary-injunction standard to find that expedited discovery was impermissible).

Under the preliminary-injunction analysis, the party seeking expedited discovery must show (1) a likelihood of irreparable injury, (2) a probability of success on

---

[6] As explained above (*see supra* note 2), Rule 26(d)(1) prohibits parties from taking discovery in advance of the Rule 26(f) conference absent an applicable rule to the contrary, a stipulation, or a court order.

the merits; (3) that the discovery sought may avert the potential injury; and (4) that the likely harm to the movant absent the discovery outweighs the likely harm to its opponent resulting from the discovery. *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (denying expedited discovery because plaintiffs could not satisfy any of the four prongs), *cited in Edgenet*, 259 F.R.D. at 386.

The "good cause" standard, though similar, is perhaps slightly more flexible: it "allows expedited discovery when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." *Edgenet*, 259 F.R.D. at 386 (internal quotation marks omitted) (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.121 (2009)).

While the Third Circuit has not, to date, expressly adopted either rule, *see Kone*, 2011 WL 4478477, at *4, several judges in this district have applied the "good cause" standard. *See id.* at *5; *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. Civ.A. 03-484-KAJ, 2004 WL 406351, at *1 (D. Del. Mar. 3, 2004) (granting expedited discovery limited to issues raised by opponent in briefing on petition for preliminary injunction). Whichever standard this Court might have elected to use had the Committee attempted to show special circumstances, however, the Committee has in fact made no effort to do so, and thus has utterly failed to bear its burden as movant. Needless to say, the Committee should not be permitted to attempt to make the required showing for the first time in its reply brief (and, in any event, it cannot do so on the facts of this case).

Thus, because the Committee has not borne, and cannot bear, its burden of establishing that the circumstances of this case warrant a departure from the usual rules (not to mention the stay), its motion to compel production should be denied.

### III. The Committee's References to Other Parties' Voluntary Production Are Entirely Irrelevant.

Finally, the Committee is flatly wrong in suggesting that other parties' voluntary production of documents somehow obligates Defendants to turn over their own confidential files. (*See* Mot. to Compel at 9-10 ¶ 22; *id.* at 13-14 ¶ 29.) Just as one client cannot waive privilege on another's behalf even where both share interests and representation, so one party cannot waive discovery objections on behalf of another, most obviously where—as here—the information or documents sought are not shared in common by the parties from whom they are demanded. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 & n.17 (3d Cir. 2007) (vacating order compelling production of documents, and remanding for determination whether production could be ordered on narrower basis of adverse-litigation exception to co-client privilege); *Fuji Photo Film Co. v. Benun* (*In re Benun*), 339 B.R. 115, 128-30 (Bankr. D.N.J. 2006) (denying motion to compel based on alleged waiver of privilege by co-defendant). The Committee's attempt to imply otherwise may be suggestive of its own assessment of the force (or lack thereof) of its other arguments; in any case, it is futile.

## CONCLUSION

The Committee is mistaken in contending that it is entitled to discovery to cure deficiencies in its pleadings and to make cost-benefit decisions concerning whom to sue; that it need not justify its extraordinary request for early discovery notwithstanding the stay but, rather, that Defendants bear the burden of showing that such expedited

discovery is improper; and that other parties' voluntary production somehow obligates Defendants to turn over their own documents. Accordingly, because the Committee's motion is meritless and utterly unsupported by law or fact, it should be denied.

Dated: New York, New York
     October 25, 2011        Respectfully submitted,

/s/ Alan J. Stone
MILBANK, TWEED, HADLEY & McCLOY LLP
Alan J. Stone
1 Chase Manhattan Plaza, 46th Floor
New York, New York 10005
Telephone: (212) 530-5285
Facsimile: (212) 822-5285
Email: astone@milbank.com

*Counsel for Defendants BNP Paribas Securities Corp.; Brown Brothers Harriman & Co..; Deutsche Bank Securities Inc.; PNC Bank, National Association; Swiss American Securities, Inc.; TD Ameritrade Clearing, Inc.; UBS Financial Services, Inc.; and UBS Securities LLC*