# IN THE UNITED STATES BANKRUTPCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, *et al.*,<br><br>Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br>Defendants. | Adversary Proceeding No. 10-53963 (KJC) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, *et al.*,<br><br>Plaintiff,<br>v.<br><br>DENNIS J. FITZSIMONS, *et al.*,<br>Defendants. | Adversary Proceeding No. 10-54010 (KJC)<br><br>Hearing Date: December 13, 2011 at 1:00 p.m. (EST)<br>Objection Deadline: December 6, 2011 |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO ADDRESS AND SEND SERVICE TO FOREIGN DEFENDANTS ON BEHALF OF THE CLERK OF THE COURT

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court for the entry of an order authorizing procedures for the Committee to address and send the service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and Delaware Local Bankruptcy Rule 7004-1 on behalf of the Clerk of the Court.

In support hereof, the Committee respectfully represents as follows:

{698.001-W0017954.}

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3. By motion dated February 1, 2010, as supplemented by motion dated September 14, 2010 [D.I. 3281 and 5668] (together, the "First Standing Motion"), the Committee requested that this Court authorize it to commence, prosecute and settle on behalf of the Debtors' estates claims and counterclaims arising out of or in connection with the Debtors' 2007 LBO. By separate motion dated September 13, 2010 [D.I. 5698] (the "Second Standing Motion," and with the First Standing Motion, the "Standing Motions"), the Committee requested that this Court authorize it to commence, prosecute and settle certain additional claims on behalf of the Debtors' estates. The Court issued the order granting the Committee standing to pursue the identified claims (the "Standing Order") on October 27, 2010 [D.I. 6150].

4. The Standing Order provides in pertinent part:

> All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited. Notwithstanding the foregoing, during the period this Stay is in effect, the Committee may: a) consistent with governing rules, amend the complaints in the LBO Actions; b) *complete service of the complaints in the LBO Actions*; and c) *take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other*

> *time related defenses from barring any of the claims asserted in the LBO Actions.*

Standing Order at 4 (emphasis added).

5. Since the entry of the Standing Order, the Committee has filed certain complaints as contemplated by and consistent with the terms of the Standing Order, including the Adversary Proceeding No. 10-54010 (KJC) (the "Shareholder Adversary Proceeding") and Adversary Proceeding No. 10-53963 (KJC) (the "Lender Adversary Proceeding").

6. Consistent with the Standing Order, the adversary proceedings the Committee commenced have been stayed except for the limited discovery and service activities permitted by the Standing Orders.

7. Of the tens of thousands of individual defendants named in the Shareholder Adversary Proceeding and the Lender Adversary Proceeding, several hundred are foreign parties.

## RELIEF REQUESTED

8. The Committee seeks an order authorizing it to effect service of the summons and the complaint on foreign defendants in each of the above-captioned adversary proceedings pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and Delaware Local Bankruptcy Rule 7004-1, by addressing and sending registered mail requiring a signed receipt on behalf of the Clerk of the Court.

## BASIS FOR RELIEF

9. Federal Rule of Civil Procedure 4(f) addresses service of an individual in a foreign country. This section reads, in pertinent part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

>   ...
>   (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>   ...
>   (C) unless prohibited by the foreign country's law, by:
>
>   ...
>   (ii) *using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt*; or
>
>   (3) by other means not prohibited by international agreement, *as the court orders.*

(Emphasis supplied). "In order to give subsection (f)(2)(C) operative effect, the subsection should be interpreted to permit service of process by the alternative forms of service that, while not specifically prescribed by the laws of a foreign country, are also not prohibited by such laws." *Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 430 (D. Del. 1999). Here, the respective countries for the foreign defendants at issue do not prohibit service by the Clerk of the Court as provided under Rule 4(f)(2)(C)(ii).[1]

10. Significantly, subsection (f)(3) of this rule "is expressly designed to provide courts with broad flexibility in tailoring other methods of service to meet the needs of particularly difficult cases." *Broadfoot v. Diaz (In re International Telemedia Assocs.)*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000) (citing courts that have "authorized a wide variety of alternative methods of service" and holding that service by electronic mail under Rule 4(f) is authorized).

---

[1] Federal Rule 4(f) also allows international service of process "by any internationally agreed means of service that is reasonably calculated to give notice such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(1). However, while service pursuant to the this method might also be available for foreign defendants whose countries have adopted the Hague Convention, the process is significantly time consuming, burdensome, and expensive and would needlessly waste estate resources, particularly so considering the number of foreign defendants in these proceedings.

{698.001-W0017954.}

11. The proposed method of service—authorizing Committee counsel to perform the Rule 4(f)(2)(C)(ii) service on behalf of the Clerk of the Court—will maintain the sufficiency of the notice of Rule 4(f)(2)(C)(ii). Due process demands "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Supreme Court continued: "[t]he notice must be of such nature as reasonably to convey the required information ... But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied." *Id.* at 314-315. The notice proposed by this Motion is reasonably calculated to provide the same notice as currently contemplated by Rule 4(f)(2)(C)(ii).

12. Absent the relief requested, the Committee would ask the Clerk of the Court to address and send to each of the several hundred individual foreign defendants a summons and complaint that is over one hundred pages in the Lender Adversary Proceeding and currently over eight hundred pages in the Shareholder Adversary Proceeding. The proposed order relieves the Court of this burden and promotes judicial efficiency and economy under the unique facts of these adversary proceedings.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) authorizing it to effect service on foreign defendants in the Shareholder Adversary Proceeding and the Lender Adversary Proceeding by addressing and sending the summons and complaint on behalf of the Clerk of the Court via registered mail requiring a signed receipt, and (ii) granting such other relief as the Court deems just and proper.

Dated: November 23, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *James S. Green, Jr.*

---

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors for the Shareholder Adversary Proceeding, and not the Lender Adversary Proceeding*

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*

AND

Dated: November 23, 2011
Wilmington, Delaware

**SEITZ, VAN OGTROP & GREEN, P.A.**

/s/ *James S. Green, Sr.*
_____
James S. Green, Sr. (No. 481)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
Telephone: (302) 888-0600
Facsimile: (302) 888-0606

*Counsel to the Official Committee of Unsecured Creditors for the Lender Adversary Proceeding*

-and-

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*